# EXHIBIT A

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>OCT 21 2025<br><br>David W. Slayton, Executive Officer/Clerk of Court |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Athene Annuity and Life Company, an
Iowa Corporation and Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Avis Copelin, Agent for Terry Gordon

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse<br>111 N Hill St, Los Angeles CA 91602 | CASE NUMBER:<br>*(Número del Caso):* 25STCV30602 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Avis Copelin, 10153 1/2 Riverside Dr #189 North Hollywood CA 91602; 818.396.2811

| DATE: OCT 2 1 2025 | David W. Slayton Clerk, by | C. GRIJALVA | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br>3. ☐ on behalf of *(specify):*<br>   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)<br>           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)<br>           ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)<br>           ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form. | Print this form | Save this form |  Clear this form

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 21 2025

David W. Slayton, Executive Officer/Clerk of Court

Avis Copelin, Agent for Terry Gordon
10153 ½ Riverside Dr #189
North Hollywood CA 91602
Tel: 818.396.2811
Email: avisj1g2@yahoo.com
Plaintiff Pro Per

# LOS ANGELES COUNTY SUPERIOR COURT
# FOR THE STATE OF CALIFORNIA

AVIS COPELIN, AGENT FOR TERRY GORDON,

Plaintiff,

vs.

ATHENE ANNUITY AND LIFE COMPANY, AN IOWA CORPORATION AND DOES 1-10

Defendants.

Case No.: 25STCV30602

**PLAINTIFF's VERIFIED COMPLAINT AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION**

**CAUSES OF ACTION:**

1. ELDER ABUSE – CALIFORNIA Welfare and institutions code

**DEMAND FOR JURY TRIAL**

VERIFIED COMPLAINT - 1

## I. INTRODUCTION

1. COMES NOW, Plaintiff, Avis Copelin, (hereinafter referred to as "Plaintiff"), appearing as a duly authorized Agent for Terry Gordon, hereby submits this Verified Complaint against Defendant, Athene Annuity And Life Company, an Iowa Corporation; and Does 1 through 10, inclusive, for equitable, legal, and injunctive relief.

2. This action arises out of Defendant's willful, malicious, and grossly negligent refusal to honor a valid Power of Attorney and release annuity funds necessary for the life-sustaining care of an incapacitated elder, Terry Gordon. Despite possessing all required legal documentation since December 3, 2024—including a notarized Power of Attorney and a notarized Designation of Special Agents and Ancillaries Defendant has obstructed access to over $318,000 in annuity funds for almost 11 months without legal justification.

3. During this period, Gordon has been repeatedly delinquent with financial obligations and caregiver costs. He is currently seriously delinquent with caregiver invoices. At this time he is facing a termination in caregiver services if the delinquent invoices are not paid immediately. Defendants' conduct, and failure to comply with statutory obligations under the California welfare and institutions code, constitutes a pattern of financial elder abuse among other violations of statutory law. Accordingly, Plaintiff seeks compensatory and punitive damages, injunctive relief

VERIFIED COMPLAINT - 2

to release annuity proceeds without further delay, and all other remedies available under law to prevent further irreparable harm.

## II. PARTIES

1. Plaintiff, Avis Copelin, is an individual residing in the County of Los Angeles, State of California, and is the agent of Terry Gordon, an 87 year old elder. Plaintiff brings the subject claims in her representative capacity as the duly authorized Agent of Terry Gordon ("Gordon"), a medically incapacitated individual. All causes of action asserted on behalf of Mr. Gordon are brought by Plaintiff pursuant to a valid and notarized Power of Attorney and are expressly delineated herein.

2. Defendant, Athene Annuity and Life Company, (hereinafter "Athene") is, and at all relevant times was, a corporation organized and existing under the laws of the State of Iowa, with its principal place of business located in West Des Moines, Iowa. At all relevant times, Athene was and is authorized to transact business within the State of California and regularly conducts substantial insurance and annuity-related operations throughout this judicial district.

## III. JURISDICTION

3. **California WIC 15657.03 authorizes an attorney in fact to bring an elder abuse petition: (2) (A) A petition may be brought on behalf of an abused elder or dependent adult by** a conservator or a trustee of the elder or dependent adult,

VERIFIED COMPLAINT - 3

**an attorney-in-fact** of an elder or dependent adult who acts within the authority of a power of attorney…or other person legally authorized to seek the relief.

4. Gordon's attorney in fact, Avis Copelin, is a resident of California.

5. Defendant, Athene is licensed by the State of California Department of Insurance, therefore is subject to the laws and jurisdiction of the State of California. Furthermore, Athene regularly does business in the State of California therefore this Court has jurisdiction over this matter. Additionally, the actions taken by Athene occurred in the State of California because Gordon's agent resides in California and due to the fact that the payment of any and all invoices and expenses for Gordon occurs in California. Also, of significant importance, the caregiver agency that is owed the debt for the caregiver services is domiciled in the State of California. The incident occurred in the State of California therefore this Court has jurisdiction.

## AN ATTORNEY-IN-FACT MAY PETITION FOR AN ELDER ABUSE REQUEST FOR RESTRAINING ORDER

**See Cal. Welfare and Institutions Code § 15657.03**

**Welf. & Inst. Code § 15657.03. : A Non-lawyer may petition for a Restraining Order on behalf of an Elder Adult**

(a) (1) An elder or dependent adult who has suffered abuse, as defined in Section 15610.07, may seek protective orders as provided in this section. **(2) (A) A petition may be brought on behalf of an abused elder or dependent adult by** a conservator or a trustee of the elder or dependent adult, **an attorney-in-fact** of an elder or dependent adult who acts within the authority of a power of attorney, a person appointed as a guardian ad litem for the elder or dependent adult, or other person legally authorized to seek the relief.

VERIFIED COMPLAINT - 4

6. In this instance, Avis Copelin is a Designated Power of Attorney for Gordon, and Gordon relies on care provided by Ms. Copelin. Plaintiff has a legal right to bring this action as a non attorney in this state. This is an urgent matter. Plaintiff needs the annuity funds to pay for lifesaving caregiver services as he has no other alternative means to pay for his in home care. Payment of delinquent invoices is due immediately.

## IV. STATEMENT OF FACTS

7. On or about May 19, 2008, Terry Gordon ("Gordon") executed a Lifetime Pay Certificate of Disclosure and Income Rider in connection with a Fixed Indexed Deferred Annuity issued by Aviva Life and Annuity Company ("Aviva"). The underlying annuity product was underwritten or insured by AmerUs Life Insurance Company ("AmerUs"), a related or predecessor entity.

8. On the same date, Gordon also executed an Application for Indexed Deferred Annuity issued by AmerUs. The application was accompanied by an initial premium payment in the amount of $159,000, along with a representation of an anticipated premium transfer in the approximate amount of $61,000, for the purpose of funding the annuity.

9. Additionally, on or about May 19, 2008, Gordon completed and signed a Replacement of Life Insurance or Annuities form for AmerUs, thereby indicating

VERIFIED COMPLAINT - 5

his intention to replace an existing policy or annuity with the AmerUs Indexed Deferred Annuity product.

10. On or about May 28, 2008, Terry Gordon ("Gordon") executed an AmerUs Life Request for Funds form to facilitate a Section 1035 Exchange under the Internal Revenue Code, authorizing the full transfer of proceeds from an existing annuity held with USAA Life Insurance Company to the AmerUs annuity contract.

11. On or about May 28, 2008, Gordon endorsed a check issued by Pentagon Federal Credit Union in the amount of Eighty-Five Thousand Dollars ($85,000), payable to Aviva, to be applied toward funding the annuity contract.

12. On or about the same date, Gordon similarly endorsed a second check issued by The Old Point National Bank in the amount of Seventy-Four Thousand Dollars ($74,000), also payable to Aviva, for the purpose of funding the subject annuity contract.

13. The AmerUs Index of Contract Provisions, specifically the Table of Guaranteed Minimum Values on page 4, reflects that the projected surrender value for an initial premium of $25,000 after a 17-year maturity period is $36,156.08. Accordingly, extrapolating from the full funding amounts, the current estimated surrender value of Gordon's annuity contract is approximately Three Hundred Eighteen Thousand One Hundred Seventy-Three Dollars and Fifty Cents ($318,173.50).

VERIFIED COMPLAINT - 6

14. On or about June 18, 2018, the Insurance Commissioner of the State of California issued an Order to Show Cause ("OSC") against Defendant. The OSC documented Defendant's "unfair and deceptive acts" that were "harming California consumers on a daily basis."

15. The OSC disclosed a complex transaction involving Athene's acquisition of Aviva and AmerUs, and the subsequent sale of 500,000 policies to Accordia Life and Annuity Company in 2013. While the direct correlation between these transactions and Gordon's annuity contract is not fully established, the record indicates that funds were paid to Athene for a contract originally purchased from AmerUs. The OSC is ultimately about events that transpired between Athene and Accordia.

16. The OSC specifically noted on page 8, item 38, that Defendant failed to operate in good faith in violation of California Insurance Code Section 10164.2 by delaying policyholder requests to "surrender their policies processed, reducing the face amounts of their policies, and having their loan requests processed."

17. Defendant's failure to process Plaintiff's request to surrender his policy forms the basis of this action and has caused significant damage and irreparable harm.

18. The OSC concluded on page 11, item 51 that "the acts and practices as described in paragraphs 1 to 39, above, establish that Respondents violated CIC

VERIFIED COMPLAINT - 7

section 704 by, at best, failing to carrying out its life insurance contracts in good faith and, at worst, conducting its business fraudulently, which supports an order suspending Respondents' certificate of authority for one year." Defendant ultimately entered into a Stipulation and Waiver with the California Insurance Commissioner to resolve the matter.

19. On or about August 19, 2020, the Insurance Commissioner issued an Order Adopting Stipulation and Waiver, which Defendant executed on August 4, 2020. Under this agreement, Defendant is subject to its terms through December 2025, was fined $11,500,000, and agreed to reimburse the Insurance Commissioner $400,000 for costs. Defendant has committed the same bad faith acts in their dealings with Plaintiffs as outlined in this Complaint.

20. Defendant's actions have been willfully, intentionally and grossly negligent. Furthermore, their actions constitute a matter of public interest that has affected thousands of consumers; and spans the course of 4 separate states. Defendant's willful, intentional and gross negligence continues to date. They have failed to display any indication or evidence of an effort to correct or change their pattern of behavior.

21. Gordon currently holds annuity contract number 144086 with Athene, the current insurer.

22. On or about October 20, 2024, Gordon suffered a serious medical event that

VERIFIED COMPLAINT - 8

incapacitated him. He now requires 24-hour professional caregiver services and is seriously delinquent with caregiver invoices. Without access to the requested funds, Gordon faces losing these essential services, resulting in irreparable harm.

23. Despite multiple efforts to resolve this matter with Defendant, they have refused to engage in relevant or meaningful discussions, leaving Plaintiff with no option but to pursue litigation and seek an injunction. Plaintiff currently cannot cover Gordon's care costs.

24. Gordon's caregiver costs are currently seriously delinquent. Plaintiff is the primary caregiver managing Gordon's financial affairs and care plan. Gordon has no funds to cover his expenses, financial obligations, and 24-hour caregivers. Immediate release of these funds is urgently needed to address these serious delinquencies.

25. Defendant has provided no factual or legal basis for refusing to release the funds and has been in possession of Gordon's Power of Attorney ("POA") since December 3, 2025. Gordon's Advanced Medical Directive has also been submitted to Defendant. These documents clearly address Gordon's instructions indicating that his annuities were to be liquidated in order to cover the costs of his care and expenses in the event of his incapacity. Yet Defendant refuses to honor their fiduciary duty to Gordon. Defendant has knowingly engaged in elder abuse by refusing to release funds necessary to provide for his care. The notarized POA

VERIFIED COMPLAINT - 9

executed by Gordon expressly authorizes the liquidation of his annuity accounts.

26. On July 14, 2021, Gordon executed several estate planning documents, including a POA designating that his agent may surrender or collect annuities on his life: "Article 3, Powers Granted to My Agent, Section 3.25 Power Regarding Insurance, My Agent may purchase, maintain, surrender, or collect: all kinds of life insurance or annuities on my life or the life of any one in whom I have an insurable interest;"

27. Article 4 of Gordon's POA indicates that his agent may utilize funds from his assets to cover costs for his care: "Article Four, Care and Control of Principal, My Agent may exercise the following powers and pay the associated costs from my assets with respect to the control and management of my person. Section 4.01 Power to Provide for My Support My Agent may do anything reasonably necessary to maintain my customary standard of living, including: maintain my residence by paying all operating costs…; provide normal domestic help; provide clothing, transportation, medicine, food, and incidentals; and make all necessary arrangements, contractual or otherwise, for my care… in my own residence should I desire it, and assure that all of my essential needs are met wherever I may be."

28. Gordon also executed an Advanced Medical Directive on July 14, 2021, with specific directions regarding his care including his desire for family harmony: "Article 2, Health and Personal Powers, Section 2.01 Instructions Concerning

Medical Evaluations and Treatment, Paragraph 2, I want to leave my family, friends, and persons who care about me with assurances of my love, and without the burdens of guilt or conflict... My purposes in leaving these instructions are to alleviate uncertainty that otherwise may arise in connection with decisions about my medical care, to promote family harmony, and to clarify instructions to my health care providers. My Health Care Agent's authority to act on my behalf concerning my medical care includes decisions concerning...arrangements for my long-term care."

29. To fulfill Gordon's healthcare wishes, his family has taken extensive actions. Copelin was designated as Agent based on her leadership and managerial skills in business and healthcare. She has successfully advocated for him while hospitalized, facilitated his removal from an unauthorized nursing home placement that was unsafe and provided inadequate care, and established his residence in Louisiana, with family as he desired.

30. Gordon requires 24-hour professional in-home care with two caregivers at all times and skilled nursing in compliance with Gordon's POA and Advanced Medical Directive: "Section 2.03, Maintain Me in My Residence, I authorize my Health Care Agent to take whatever steps are necessary or advisable to enable me to remain in my personal residence...I realize that my health may deteriorate so that it becomes necessary to have round-the-clock nursing care if I am to remain in my personal residence, and I direct my Health Care Agent to obtain that care, including

VERIFIED COMPLAINT - 11

any equipment that might assist in my care...Specifically, I do not want to be hospitalized or put in a convalescent or similar home as long as it is reasonable to maintain me in my personal residence."

31. Gordon's Advanced Directive specifically authorizes his Agents to employ healthcare personnel: "Article Two, Section 2.05 Employ and Discharge Health Care Personnel, My Health Care Agent may employ and discharge medical personnel including...NURSES, and therapists as my Health Care Agent determines necessary for my physical, mental, and emotional well-being, and pay them reasonable compensation."

32. Despite Copelin's significant efforts to maintain Gordon in his residence, Defendant has engaged in unnecessary delays for almost 11 months, causing financial hardship for Gordon and mental and emotional distress for his family.

33. Defendant has failed to make diligent efforts to resolve this matter despite the fact that they have possessed Gordon's POA since December 3, 2024, which clearly authorizes his agent to surrender his annuities, yet they still refuse to release the funds to date.

34. Defendant's actions are abusive and warrant sanctions. Their negligence has caused significant damage to Plaintiff, Gordon and his family. Gordon will suffer irreparable harm if funds are not released immediately. Gordon's family has dedicated their own time and resources to provide his care to their detriment, which

VERIFIED COMPLAINT - 12

cannot be sustained. To date, Gordon's caregiver costs are delinquent and must be paid immediately.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### ELDER ABUSE BY NEGLECT (WELF. & INST. CODE § 15610.57)

35. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

36. Defendant had care or custody over Terry Gordon's financial resources, which were specifically designated to fund his ongoing medical and caregiving needs. Under *Mack v. Soung* (2000) 80 Cal.App.4th 966, 974, control over financial resources essential to an elder's care constitutes "care or custody" under California Welfare & Institutions Code § 15610.57.

37. At all relevant times, Terry Gordon was over the age of 65 and qualified as an elder under Welfare & Institutions Code § 15610.27. He suffered a serious medical event on or about October 20, 2024, that rendered him incapacitated and in need of 24-hour medical care and professional support.

38. Defendant failed to exercise the degree of care that a reasonable insurance provider would have under similar circumstances. This includes the failure to: a. Timely disburse funds necessary for urgent medical care and basic sustenance; b. Provide access to resources for Gordon's financial obligations, necessary expenses,

VERIFIED COMPLAINT - 13

and critical caregiver services; c. Prevent foreseeable harm that resulted from the delay, including loss of continuous care, caregiver delinquency, and medical instability.

39. Defendant's failure to act with reasonable care constituted neglect under Welfare & Institutions Code § 15610.57. Defendant's conduct was additionally marked by: a. Recklessness: ignoring the high probability that withholding annuity funds would disrupt Gordon's medical care and jeopardize his health; b. Malice: continuing to deny access to Gordon's funds after being notified of his condition and despite legal authorization via Power of Attorney; c. Oppression: leveraging Defendant's financial control to obstruct Gordon's access to his own resources; d. Fraud: falsely representing that it intended to release the funds while secretly refusing to take any steps toward resolution.

40. As a direct and proximate result of Defendant's conduct, Gordon suffered the following harms: a. Accumulation of unpaid caregiving expenses; b. Faced imminent loss of essential in-home and medical services; c. Has been forced at times to rely on untrained family members to provide care at personal risk and emotional cost.

41. Defendant's actions were a substantial factor in causing this harm. But for Defendant's unjustified refusal to release annuity funds to Gordon's authorized Agent, these damages would not have occurred.

VERIFIED COMPLAINT - 14

42. Plaintiff, on behalf of Terry Gordon, seeks all available relief under the Elder Abuse and Dependent Adult Civil Protection Act, including compensatory damages, attorneys' fees and costs pursuant to Welfare & Institutions Code § 15657, enhanced remedies, and any further relief this Court deems just and proper.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

43. For temporary and permanent injunction ordering Defendant to immediately release all funds held under annuity contract number 144086 in the amount of approximately $318,173.50, or alternatively, any and all funds held under the subject annuity contract, whichever is greater;

44. For general, punitive, and special damages according to proof as permitted by law under the Elder Abuse and Dependent Adult Civil Protection Act (Welfare & Institution Code);

45. For attorneys' fees and costs as permitted by law, including but not limited to those authorized under the Elder Abuse and Dependent Adult Civil Protection Act (Welfare & Institutions Code § 15657.5);

46. For sanctions against Defendant;

47. For pre-judgment and post-judgment interest as permitted by law;

48. For such other and further relief as the Court deems just and proper.

VERIFIED COMPLAINT - 15

## DEMAND FOR JURY TRIAL

49. Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: October 20, 2025                    /s/Avis Copelin

_____
Avis Copelin, Agent for Terry Gordon

VERIFICATION

I, Avis Copelin, am the Plaintiff appearing in pro per in this matter as an individual and real party in interest. I am also an Agent for Terry Gordon represented by counsel. I certify that the foregoing Verified Complaint is true and correct based on information and belief.

I declare under penalty of perjury of the laws of the United States that the foregoing information is true and correct.

Dated: October 20, 2025

/s/Avis Copelin

_____
Avis Copelin, Agent for Terry Gordon

VERIFIED COMPLAINT - 16